COPY

IN THE DISTRICT COURT OF SEDGWICK COUNTY, KANSAS

| | |
|---|---|
| ROBERT LE and THUOC ETEZAZI, <br><br>          Plaintiffs, <br><br> v. <br><br> NCO FINANCIAL SYSTEMS INC. <br> Serve Registered Agent: <br> The Corporation Company <br> 112 SW Seventh Street, Suite 3C <br> Topeka, Ks 66603 <br><br>          Defendant. | 2011 JUN 27 P 1:04 <br> CLERK OF DIST COURT <br> 18TH JUDICIAL DISTRICT <br> SEDGWICK COUNTY, KS <br> BY <br><br> Case Number: <br><br> 11 CV 2262 |

## PETITION

### ALLEGATIONS COMMON TO ALL COUNTS

COMES NOW Plaintiffs, and as for their Petition against Defendant, state and allege as follows:

1. Plaintiffs are individuals and Sedgwick County residents.

2. Defendant NCO Financial Systems Inc. is a Pennsylvania corporation registered as a foreign corporation with the Kansas Secretary of State. It may be served by serving its registered agent: The Corporation Company Inc., 112 Southwest Seventh Street, Suite 3C, Topeka, Kansas 66603.

3. The acts complained of arise from actions taken and contracts entered into in Sedgwick County, Kansas. Defendant conducted business in Sedgwick County, Kansas. Thus, jurisdiction and venue are appropriate in this court.

4. All conduct of the managers, agents and employees of Defendant as alleged in Plaintiffs' petition were within the course and scope of their employment or agency.

5. Plaintiff Thuoc Etezazi borrowed money from American Express in 2008.

6. In October 2010, American Express hired NCO Financial Systems Inc. (hereafter NCO Financial) to serve as its agent debt collector to collect a debt from Plaintiff Thuoc Etezazi.

7. Plaintiff Robert Le is Thuoc Etezazi's son.

8. NCO Financial made its initial contact with Thuoc Etezazi on or about October 29, 2010, demanding that she pay NCO Financial the sum of $35,433.26 on behalf of American Express.

9. Per Plaintiff Thuoc Etezazi's request, Plaintiff Robert Le contacted NCO Financial and requested that NCO Financial not contact Thuoc Etezazi, but contact him instead regarding the matter.

10. On November 24, 2010, NCO Financial began to call the cell phone number of Robert Le excessively and compulsively, in a manner intended to harass plaintiffs into paying the account.

11. The phone calls were repetitive and excessive, sometimes several in one minute.

12. Also on November 24, 2010, NCO Financial sent a settlement letter to plaintiffs, offering to settle the account for $7,087.00.

13. In an effort to stop the harassment, plaintiffs hired counsel regarding the phone harassments.

14. Also in an effort to stop the harassment, plaintiffs accepted the offer and compromise of $7,087.00 from NCO Financial on November 24, 2010.

15. That offer and compromise consisted of payment of $7,087.00 as follows: Payment 1 – $850.00 on November 26, 2010; Payment 2 – $1,000.00 on December 31, 2010; Payment 3 – $2,637.00 on January 31, 2011; and Payment 4 – $2,500.00 on February 21, 2011.

16. On November 26, 2010, plaintiffs made the $850.00 payment, which was accepted by NCO Financial on behalf of American Express.

17. On December 31, 2010, plaintiffs made the $1,000.00 payment, which was accepted by NCO Financial on behalf of American Express.

18. On January 25, 2011, NCO Financial and Plaintiff Robert Le, through counsel, entered into a confidential settlement regarding the telephone harassment allegations wherein Plaintiff Le, for consideration, agreed not to sue NCO Financial for the harassing conduct.

19. Six days after the settlement Plaintiff Le attempted to make a phone payment due on January 31, 2011, per the offer and compromise.

20. On two different attempts to pay NCO Financial by telephone on January 31, 2011, Plaintiff Le was disconnected.

21. Plaintiff Le called NCO Financial numerous times to make payment during the week of January 31, 2011.

22. On February 3, 2011, Plaintiff Le finally made contact with defendant's agent, who offered plaintiff a new payment schedule – $2,500.00 on February 21, 2011 and $2,300.00 on March 21, 2011.

23. Because of the disconnections, Plaintiff Le made the $2,500.00 payment to NCO Financial with his credit card on February 21, 2011, per the new agreement.

24. On February 28, 2011, NCO Financial returned the payment of $2,500.00 and informed Plaintiff Le that American Express was no longer willing to accept the settlement.

25. On March 17, 2011, Plaintiff Le contacted NCO Financial again and an NCO Financial agent demanded $4,800.00, or the remaining funds due under the November 24, 2010 offer and compromise, which NCO Financial previously unilaterally voided.

26. Thereafter, NCO Financial began to harass plaintiffs by telephone again, with calls as persistent and frequent as the calls NCO Financial made prior to the initial settlement with Plaintiff Le.

27. Harassment of debtors by telephone is a pattern and practice of NCO Financial and part of the business tactic routinely used to extract payments from debtors.

**Count I**
**VIOLATION OF THE KANSAS CONSUMER PROTECTION ACT**

COME NOW plaintiffs, and as for Count I against defendant, state

and allege as follows:

28. Plaintiffs incorporate herein paragraphs 1 through 26 of plaintiffs' complaint as though fully set forth hereunder.

29. Defendant is a supplier of services as defined by K.S.A. §50-624 and is subject to the requirements and provisions of the Kansas Consumer Protection Act.

30. Plaintiffs are consumers incurring consumer debt as defined by K.S.A. §50-624 and are subject to the requirements and provisions of the Kansas Consumer Protection Act.

31. The Defendant's actions were deceptive pursuant to K.S.A. §50-626(b) and unconscionable pursuant to K.S.A. §50-627 of the Kansas Consumer Protection Act as follows:

    a. Misrepresenting a material fact regarding the settlement offer, inducing the plaintiffs to make payments on the note;

    b. engaging in telephone harassment conduct, the natural consequence of which is to harass, oppress, or abuse a consumer in connection with the collection of a debt;

    c. Unilaterally failing to honor the previously agreed and partially performed November 24, 2010 offer and compromise in an obvious retaliation for the January 25, 2011 settlement agreement regarding telephone harassment.

32. Defendant's acts, use and employment of deception, false pretenses, false promises, misrepresentation, unfair practices and the concealment, suppression, or omission of material facts in connection with the sale of consumer lending services in trade and commerce is an unlawful practice.

33. As a direct result, plaintiffs have suffered damages.

34. Pursuant to K.SA. §50-634(b) and K.S.A. §50-636(a) plaintiffs are entitled to recover from defendant the greater of their actual damages or up to $10,000.00 per violation of the Kansas Consumer Protection Act, together with their attorney's fees and costs.

WHEREFORE, plaintiffs pray for judgment against defendant as follows:

a. Plaintiffs' actual damages as determined at trial;

b. If actual damages are less than $10,000.00, statutory damages pursuant to K.S.A. §50-634 in a sum set by the Court of not more than $10,000.00 for each statutory violation;

c. Return of any and all moneys received unjustly by defendant by virtue of their actions;

d. Costs and reasonable attorney fees, pursuant to K.S.A. §50-634; and

e. Such other and further relief as the Court deems just and equitable.

## Count II
## INVASION OF PRIVACY

COME NOW plaintiffs, and as for COUNT II against defendant, state and allege as follows:

35. Plaintiffs incorporate herein paragraphs 1 to 33 of plaintiffs' petition in its entirety as though fully set forth hereunder.

36. NCO Financial's mode of collection is to cause the debtor's telephone to ring repeatedly and excessively.

37. NCO Financial used this manner to attempt to collect a debt from plaintiffs by causing the phone to ring repeatedly and excessively.

38. NCO Financial did so intentionally and with the purpose of imposing mental distress on the plaintiffs.

39. NCO Financial's actions are of a nature that would cause mental distress or injury to a person having ordinary feelings and intelligence.

40. The right of plaintiffs' privacy was invaded by NCO Financial in that it intentionally intruded, physically or otherwise, upon the solitude or seclusion of plaintiffs.

41. The intentional invasion is highly offensive to an ordinary person.

42. Plaintiffs have suffered damages by defendant's invasion of privacy.

WHEREFORE, Plaintiffs pray that the Court enter judgment in their favor and against defendant in the amount of $75,000.00; for costs incurred and expended; and for such further relief as the Court deems just and proper.

### Demand for a Jury Trial

Plaintiffs request trial by jury.

ATTORNEYS FOR PLAINTIFFS

By: _____
CHARLES D. KUGLER # 7031
A. J. STECKLEIN # 16330
Consumer Legal Clinic LLC
748 Ann Avenue
Kansas City, Kansas 66101
Telephone: (913) 371-0727
Facsimile: (913) 371-0147
Email: CDKugler@yahoo.com
       AJStecklein@gmail.com

## CERTIFICATE OF MAILING

This is to certify that pursuant to K.S.A. §50-634, a copy of the foregoing was mailed, United States mail, postage prepaid on June 22, 2011 to:

Derek Schmidt
Kansas Attorney General
Memorial Hall, Second Floor
120 Southwest 10th Street
Topeka, Kansas  66612

_____
A.J. STECKLEIN # 16330



$6.43
US POSTAGE
FIRST-CLASS
062S0006727656
66101

7008 1830 0001 8139 2889

48 Ann Avenue
s City, Kansas 66101

NCO Financial Systems Inc.
RA: The Corporation Company
112 SW 7th Street, Suite 3C
Topeka, Kansas 66603

 **CT Corporation**

**Service of Process Transmittal**
07/01/2011
CT Log Number 518766879

**TO:** Tracey Wild, Vice President
NCO Financial Systems, Inc.
150 Crosspoint Parkway, Crosspoint Business Park
Getzville, NY 14068-

**RE:** Process Served in Kansas

**FOR:** NCO Financial Systems, Inc. (Domestic State: PA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Robert Le and Thuoc Etezazi, Pltfs. vs. NCO Financial Systems, Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Summonses, Return Form(s), Petition and Jury Demand |
| **COURT/AGENCY:** | Sedgwick County District Court, KS<br>Case # 11CV2262 |
| **NATURE OF ACTION:** | Violation of Kansas Consumer Protection Act - Pltf. suffered damages as a result of Dft.'s deceptive and unconscionable actions by misrepresenting a material fact regarding the settlement offer and engaging in telephone harrassment conduct - Seeking $75,000.00 |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company, Inc., Topeka, KS |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 07/01/2011 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED:** | Kansas |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service |
| **ATTORNEY(S) / SENDER(S):** | A.J. Stecklein<br>Consumer Legal Clinic LLC<br>748 Ann Avenue<br>Kansas City, KS 66101<br>913-371-0727 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/01/2011, Expected Purge Date: 07/06/2011<br>Image SOP<br>Email Notification, Tracey Wild Tracey.Wild@ncogroup.com<br>Email Notification, Michelle Lyon MLYON@SESSIONS-LAW.biz<br>Email Notification, Becky Penski Becky.Penski@ncogroup.com<br>Email Notification, Kathleen Treuil ktreuil@sessions-law.biz<br>Email Notification, Cathy McTyere cathy.mctyere@ncogroup.com |
| **SIGNED:** | The Corporation Company, Inc. |
| **PER:** | Amy McLaren |
| **ADDRESS:** | 112 S.W. 7th Street<br>Suite 3C<br>Topeka, KS 66603 |
| **TELEPHONE:** | 800-592-9023 |

Page 1 of 1 / AB

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**ATTY CERT MAIL**

## IN THE DISTRICT COURT OF SEDGWICK COUNTY, KANSAS

| | |
|---|---|
| ROBERT LE and<br>THUOC ETEZAZI,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>NCO FINANCIAL SYSTEMS INC.<br>Serve Registered Agent:<br>The Corporation Company<br>112 SW Seventh Street, Suite 3C<br>Topeka, Kansas 66603<br><br>　　　　　　　　　　Defendant. | Case Number: _____<br><br>11CV2262 |

### SUMMONS

TO: NCO Financial Systems Inc., the above named defendant

You are hereby notified that an action has been commenced against you in this court. You are required to file your answer to the petition with the court and to serve a copy upon the plaintiff's attorney as follows:

　　　A.J. Stecklein
　　　748 Ann Avenue
　　　Kansas City, Kansas 66101

Within 20 days of service of this summons upon you.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the attached petition, which is incorporated herein by reference. Any related claim which you may have against the plaintiff must be stated as a counterclaim in your answer, or you will thereafter be barred from making such claim in any other action.

JUN 27 2011

(Seal)　　　　　　　　　　　　　　　Clerk of District Court

Dated _____ by _____
　　　　　　　　　　　　　　　　　　Deputy

## RETURN ON SERVICE OF SUMMONS

I hereby certify that I have served this summons:

1. **PERSONAL SERVICE.** By delivering a copy of such summons and a copy of the petition to each of the following Defendants on the dates indicated:
   Dated: _____

2. **RESIDENCE SERVICE.** By leaving a copy of such summons and a copy of the petition at the usual place of residence of each of the following Defendants with some person of suitable age and discretion residing therein on the dates indicated:
   Dated: _____

3. **AGENT SERVICE.** By delivering a copy of such summons and a copy of the petition to each of the following agents authorized by appointment or by law to receive service of process on the dates indicated:
   Dated: _____

4. **RESIDENCE SERVICE AND MAILING.** By delivering a copy of such summons and a copy of the petition at the usual place of residence of each of the following Defendants and mailing by first-class mail on the dates indicated a notice that such copy has been so left:
   Dated: _____

5. **CERTIFIED MAIL SERVICE.** I hereby certify that I have served the within summons (1) By mailing on the _____ day of _____, 20___, a copy of the summons and a copy of the petition in the above action as certified mail return receipt requested to each of the within-named Defendants; (2) the name and address on the envelope containing the process mailed as certified mail return receipt requested were as follows:
   _____

6. **CERTIFIED MAIL SERVICE REFUSED.** I hereby certify that on the _____ day of _____ 20___, I mailed a copy of the summons and petition in the above action by first-class mail, postage prepaid, addressed to:
   _____

7. at: _____

8. **NO SERVICE.** The following Defendants were not found in this county:
   _____

I certify, under penalty of perjury, that the foregoing is true and correct. Executed on this _____ day of _____, 20___.

_____
Signature and Title of Officer

## IN THE DISTRICT COURT OF SEDGWICK COUNTY, KANSAS

| | |
|---|---|
| ROBERT LE and THUOC ETEZAZI, <br><br>                        Plaintiffs, <br><br> v. <br><br> NCO FINANCIAL SYSTEMS INC. <br> Serve Registered Agent: <br> The Corporation Company <br> 112 SW Seventh Street, Suite 3C <br> Topeka, Kansas 66603 <br><br>                        Defendant. | Case Number: 11CV2262 |

### SUMMONS

TO: NCO Financial Systems Inc., the above named defendant

You are hereby notified that an action has been commenced against you in this court. You are required to file your answer to the petition with the court and to serve a copy upon the plaintiff's attorney as follows:

> A.J. Stecklein
> 748 Ann Avenue
> Kansas City, Kansas 66101

Within 20 days of service of this summons upon you.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the attached petition, which is incorporated herein by reference. Any related claim which you may have against the plaintiff must be stated as a counterclaim in your answer, or you will thereafter be barred from making such claim in any other action.

JUN 27 2011

(Seal)                                    Clerk of District Court

Dated _____          by _____ Melissa A Bock
                                          Deputy

## RETURN ON SERVICE OF SUMMONS

I hereby certify that I have served this summons:

1. **PERSONAL SERVICE.** By delivering a copy of such summons and a copy of the petition to each of the following Defendants on the dates indicated:
   Dated: _____

2. **RESIDENCE SERVICE.** By leaving a copy of such summons and a copy of the petition at the usual place of residence of each of the following Defendants with some person of suitable age and discretion residing therein on the dates indicated:
   Dated: _____

3. **AGENT SERVICE.** By delivering a copy of such summons and a copy of the petition to each of the following agents authorized by appointment or by law to receive service of process on the dates indicated:
   Dated: _____

4. **RESIDENCE SERVICE AND MAILING.** By delivering a copy of such summons and a copy of the petition at the usual place of residence of each of the following Defendants and mailing by first-class mail on the dates indicated a notice that such copy has been so left:
   Dated: _____

5. **CERTIFIED MAIL SERVICE.** I hereby certify that I have served the within summons (1) By mailing on the _____ day of _____, 20___, a copy of the summons and a copy of the petition in the above action as certified mail return receipt requested to each of the within-named Defendants; (2) the name and address on the envelope containing the process mailed as certified mail return receipt requested were as follows:
   _____

6. **CERTIFIED MAIL SERVICE REFUSED.** I hereby certify that on the _____ day of _____ 20___, I mailed a copy of the summons and petition in the above action by first-class mail, postage prepaid, addressed to:
   _____

7. at: _____

8. **NO SERVICE.** The following Defendants were not found in this county:
   _____

   I certify, under penalty of perjury, that the foregoing is true and correct.
   Executed on this _____ day of _____, 20___.

   _____
   Signature and Title of Officer